

Kathleen R. Hartnett
T: +1 415 693 2071
khartnett@cooley.com

July 25, 2023

Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23129

**Re:   B.P.J. v. West Virginia et al., No. 23-1078**

Dear Clerk Connor:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellant B.P.J. respectfully submits the enclosed opinion from the U.S. District Court for the District of Arizona in *Doe, v. Horne*, No. CV-23-00185-TUC-JGZ, dated July 20, 2023 (attached hereto as Ex. A), which preliminarily enjoins as to the plaintiffs the implementation of A.R.S. § 15-120.02 ("SB1165"), a statute that categorically bans all girls who are transgender from girls' school sports teams.

The law and legal challenge in *Doe* are remarkably similar to those here.  Like H.B. 3293, SB1165 categorically bars all transgender girls from participating in girls' school sports based solely on sex assigned at birth.  *Doe*, at *8.  Like B.P.J., the *Doe* plaintiffs are transgender girls who have never undergone endogenous male puberty, and who contend that categorically barring their participation because they are transgender violates the Equal Protection Clause and Title IX as applied to them.  *Id.* at **4-6, 15-21.  And like Defendants-Appellees, the *Doe* defendants argued that SB1165 is substantially related to protecting the safety and athletic opportunities of cisgender girls.  *Id.* at *17.  They also proffered expert testimony like that proffered by Defendants-Appellees here.  *Id.* at **10-13.

In holding that plaintiffs were likely to succeed on their Equal Protection Clause and Title IX challenges, the *Doe* court first concluded that SB1165 warranted heightened scrutiny, because it "facially discriminat[ed]" based on transgender status.  *Id.* at *16.  The court next held that SB1165's categorical bar was not substantially related to the proffered interests, especially with respect to girls who had not undergone endogenous puberty.  *See id.* at **13, 18.  The court noted, among other things, that any prepubertal differences between boys and girls in athletics were "minimal or nonexistent," *id.* at 12, and that the defendants' experts failed to show (1) that transgender girls who have not experienced endogenous puberty present any "actual problem of unfair competition" or "safety risks to other girls," or (2) "that transgender girls who have not experienced puberty[] have any physiological advantages over other girls that create unfair competition," *id.* at 18.

*Doe* therefore provides further support for entering judgment in favor of B.P.J.

Cooley LLP   3 Embarcadero Center   20th Floor   San Francisco, CA   94111-4004
t: +1 415 693 2000   f: +1 415 693 2222   cooley.com



Patricia S. Connor
July 25, 2023
Page Two

Sincerely,

*/s/ Kathleen R. Hartnett*

Kathleen R. Hartnett

Cooley LLP   3 Embarcadero Center   20th Floor   San Francisco, CA   94111-4004
t: +1 415 693 2000  f: +1 415 693 2222  cooley.com