

State of West Virginia
Office of the Attorney General
1900 Kanawha Blvd E
Building 1, Room 26-E
Charleston, WV 25305-0220

Patrick Morrisey  (304) 558-2021
Attorney General  Fax (304) 558-0140

August 1, 2023

Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Submitted Electronically via CM/ECF

Re:  No. 23-1078: *B.P.J. v. West Virginia State Board of Education, et al.*

Dear Ms. Connor:

Plaintiff-Appellant recently filed a notice of supplemental authority. *See* ECF No. 150. But *Doe v. Horne*, No. CV-23-185, 2023 WL 4661831 (D. Ariz. July 20, 2023), affords no reason to reverse here.

*First*, *Horne* found no "persuasive evidence at the preliminary injunction stage" to establish that the law at issue there advanced legitimate governmental interests. ECF No. 150-2, at 15. Yet here, the district court ruled on a complete record at the summary-judgment stage—and found that that the fuller record showed how West Virginia's law *did* advance legitimate state interests.

*Second*, *Horne* summarily dismissed evidence showing biological differences between prepubescent males and females, ECF No. 150-2, at 14, and ignored other evidence showing physiological differences between males and females at birth, *id.* at 9. But physiological differences between males and females before and after puberty are relevant to sex-based classifications for sports. The former can persist

Patricia S. Connor
August 1, 2023
Page 2

through puberty, while the latter may arise even among those students taking hormones or puberty blockers.

*Third*, *Horne* applied the wrong standard. It faulted Arizona for failing to show that the specific plaintiffs would "have any athletic advantage over other girls," ECF No. 150-2, at 14 and for using a "rationale" that could apply to "taller than average girls," *id.* at 10. But intermediate scrutiny—which applies here—does not require the law to target every athlete. *See Ross v. Early*, 746 F.3d 546, 553 (4th Cir. 2014); *see also Clark, By & Through Clark v. Ariz. Interscholastic Ass'n*, 695 F.2d 1126, 1131 (9th Cir. 1982). That's strict scrutiny.

*Fourth*, *Horne* concluded that the athletes there "would not be able to participate in any school sports." ECF No. 150-2, at 14. In contrast, B.P.J. can still compete on coed teams and teams comprising biological boys.

*Fifth*, *Horne* determined that biological boys identifying as girls will not displace biological girls in sports. ECF No. 150-2, at 6, 14. As B.P.J.'s circumstances show, the same is not true in West Virginia. *See, e.g.*, ECF No. 142-1, at 14-18.

Thus, *Horne* notwithstanding, the Court should affirm.

Sincerely,

PATRICK MORRISEY
  ATTORNEY GENERAL

/s/ Lindsay S. See
Lindsay S. See
  *Solicitor General*
  *Counsel of Record*

Michael R. Williams
  *Principal Deputy Solicitor General*

OFFICE OF THE
ATTORNEY GENERAL

OF WEST VIRGINIA
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25301
(304) 558-2021

*Counsel for Intervenor-Appellee
State of West Virginia*