FILED: August 4, 2023

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-1078 (L)
(2:21-cv-00316)

_____

B.P.J., by her next friend and mother; HEATHER JACKSON

  Plaintiffs - Appellants

v.

WEST VIRGINIA STATE BOARD OF EDUCATION; HARRISON COUNTY BOARD OF EDUCATION; WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION; W. CLAYTON BURCH, in his official capacity as State Superintendent; DORA STUTLER, in her official capacity as Harrison County Superintendent

  Defendants - Appellees

and

THE STATE OF WEST VIRGINIA; LAINEY ARMISTEAD

  Intervenors - Appellees

-------------------------------

TREVOR PROJECT; TRANSGENDER WOMEN ATHLETES; UNITED STATES OF AMERICA; NATIONAL WOMEN'S LAW CENTER AND 51 ADDITIONAL ORGANIZATIONS; STATE OF NEW YORK; AMERICAN ACADEMY OF PEDIATRICS; AMERICAN MEDICAL ASSOCIATION; FOUR ADDITIONAL HEALTH CARE ORGANIZATIONS; ATHLETE ALLY; CURRENT AND FORMER PROFESSIONAL, OLYMPIC AND INTERNATIONAL ATHLETES IN WOMENS SPORTS; NATIONAL WOMEN'S SOCCER LEAGUE PLAYERS ASSOCIATION; WOMEN'S SPORTS FOUNDATION; DISTRICT OF COLUMBIA; STATE OF HAWAII; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF

ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; STATE OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEW JERSEY; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON

    Amici Supporting Appellants

and

THOMAS MORE SOCIETY; NATIONAL ASSOCIATION OF EVANGELICALS; CONCERNED WOMEN FOR AMERICA; INSTITUTE FOR FAITH AND FAMILY; SAMARITAN'S PURSE; WOMEN'S DECLARATION INTERNATIONAL USA; 25 ATHLETIC OFFICIALS AND COACHES OF FEMALE ATHLETES; FEMALE OLYMPIC ROWERS MARY I. O'CONNOR, CAROL BROWN, PATRICIA SPRATLEN ETEM, VALERIE MCCLAIN, AND JAN PALCHIKOFF; 22 BUSINESS EXECUTIVES; INTERNATIONAL CONSORTIUM ON FEMALE SPORT; INDEPENDENT COUNCIL ON WOMEN'S SPORT; DEFENSE OF FREEDOM INSTITUTE; 78 FEMALE ATHLETES, COACHES, SPORTS OFFICIALS, AND PARENTS OF FEMALE ATHLETES; PUBLIC ADVOCATE OF THE UNITED STATES; AMERICA'S FUTURE; U.S. CONSTITUTIONAL RIGHTS LEGAL DEFENSE FUND; ONE NATION UNDER GOD FOUNDATION; FITZGERALD GRIFFIN FOUNDATION; CONSERVATIVE LEGAL DEFENSE AND EDUCATION FUND; INDEPENDENT WOMEN'S LAW CENTER; PARENTS DEFENDING EDUCATION; ALABAMA, ARKANSAS, AND 15 OTHER STATES

    Amici Supporting Appellees

───────────────

O R D E R

───────────────

Five months ago, this Court granted plaintiff an injunction pending appeal, allowing her to continue participating in her school's girls' track-and-field and cross-country teams. ECF 50. Two intervenors now move to suspend that injunction, asserting plaintiff's improvement in the shotput and discus events during the recent spring track-and-field season constitutes a "significant change in factual conditions"

that "renders continued enforcement [of the injunction] detrimental to the public interest." ECF 142 at 7 (quoting *Horne v. Flores*, 557 U.S. 433, 447 (2009)).

We deny the motion. Much of the motion impermissibly attempts to relitigate issues that have already been submitted and considered. See *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, No. 94–2569, 1995 WL 406612, at *2 (4th Cir. July 11, 1995) (motion to modify an injunction "should not serve as an avenue of untimely review of that determination" (quotation marks omitted)).

To the extent the current motion presents new arguments tethered to the asserted change in circumstances, they are insufficient to warrant suspension of the injunction pending appeal. A court may modify or suspend an injunction when a party seeking relief can show "a *significant* change in either factual conditions or in law." *Agostini v. Felton*, 521 U.S. 203, 215 (1997) (emphasis added). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief," which includes a showing that the changed circumstances "render[ ] continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quotation marks omitted).

Movants have failed to meet that burden. When the injunction pending appeal was granted, plaintiff was regularly ranking in the "back of the pack" in both track and field events. ECF 34 at 290 (citing JA 4286). Movants argue plaintiff's improvement in the shotput and discus events during the recent spring track-and-field season should prohibit her from participating in her school's upcoming cross-country season because she will displace cisgender girls in competition rankings. ECF 142 at 7. As an initial

matter, we question whether a young athlete's ordinary, year-over-year athletic improvement is the sort of *significant* factual development bearing on the public interest that would warrant our review. But even if we accepted the premise that improvement in competition rankings could constitute a significant change in circumstances, movants still have not met their burden to warrant relief. Movants present little reason or evidence why plaintiff's improvement in field throwing events would generate similar improvement in cross-country running events. Indeed, the limited information before us indicates that plaintiff's improvement in shotput and discus was not matched by improvement in running events during the recent track-and-field season, when plaintiff was, for the second year in a row, deemed "too slow to compete in the track events." ECF 144 at 4. Movants thus fail, even on their own terms, to demonstrate that any changed circumstances would render plaintiff's participation in the fall cross-country season "detrimental to the public interest." *Horne*, 557 U.S. at 447.

        The motion to suspend the injunction pending appeal is

*DENIED.*

        For the Court

        <u>/s/ Patricia S. Connor, Clerk</u>

AGEE, Circuit Judge, dissenting from the denial of the motion to suspend the injunction:

        To protect biological females' opportunities in sports, West Virginia enacted § 18-

2-25d (the "Act"), which provides that competitive "[a]thletic teams or sports designated for females, women, or girls shall not be open" to biological males regardless of gender identity. B.P.J., a biological boy who identifies as a girl, challenged the Act because it prevents him from trying out for the middle school girls' track-and-field and cross-country teams. After losing at summary judgment in the district court, B.P.J. appealed and filed a motion for an injunction, requesting that the Court enjoin West Virginia from enforcing the Act so that he could participate in girls' sports pending the appeal.[1] B.P.J. contended that "not one child would be harmed" by his participation on the teams, in part, because he finished in the bottom of track-and-field and cross-country participants in the past. Appellant's Mot. for Inj. at 6 (cleaned up). A majority of the panel voted to grant the injunction and B.P.J. made the girls' Spring track-and-field team. Since then, B.P.J. has consistently finished at the top of track-and-field event participants, displacing numerous biological girls and taking away multiple opportunities for them to advance further. Relying on this significant change in the factual conditions, West Virginia argues that a lifting of the injunction is necessary to protect the public interest. I agree.

By way of background, when B.P.J. brought this suit in the district court, he filed a motion for a preliminary injunction that would enjoin the enforcement of the Act. The district court initially granted that motion, allowing B.P.J. to participate on the girls' track-and-field and cross-country teams for three seasons; but that preliminary injunction was dissolved when B.P.J. lost at summary judgment. B.P.J. appealed to this Court and a

---

[1] B.P.J. captioned the appellate motion as a motion for stay pending appeal. The Court, however, construed the motion as one for an injunction pending appeal.

majority of the panel granted the motion for an injunction pending resolution of that appeal. In support of that motion, B.P.J. stated that during those three seasons, he "regularly finish[ed] near the back of the pack" at the events. Appellant's Mot. for Inj. at 2. And there was "no risk" of puberty significantly changing B.P.J.'s standings because he would be "going through a typically female puberty." Appellant's Reply to Mot. for Inj. at 10 n.10. In fact, B.P.J argued that "not one child has been or is likely to be harmed by [his] continued participation on [his] middle school's cross country and track teams." Appellant's Mot. for Inj. at 6 (cleaned up). Subsequent events show that claim to be false.

Circumstances have significantly changed since the injunction was granted, as West Virginia points out in the motion now before us. In the Spring track-and-field season, B.P.J. excelled at track meets over many biological girls. Rather than finishing near the back of the pack, B.P.J. consistently placed in the top fifteen participants and often placed in the top ten. This jump in placement necessarily meant that at least one hundred girls placed lower than they would have had B.P.J. not participated in the events. Stated differently, at least one hundred girls were harmed by B.P.J.'s inclusion on the girls' track-and-field team. *McCormick ex rel McCormick v. Sch. Dist. of Mamaroneck*, 370 F.3d 275, 294–95 (2d Cir. 2004) ("A primary purpose of competitive athletics is to strive to be the best.").

And those aren't the only harms caused by B.P.J.'s participation in girls' events. B.P.J. also took away girls' opportunities to participate in the conference championships. To participate in a conference championship event, athletes must place as a top three team member at their school, judged by their best performance that season. B.P.J. earned a spot at the conference championship in both shot put and discus thereby displacing two

biological girls—one in each event—and causing them to be unable to participate in the conference championships because B.P.J. took their spots. Thus, it can no longer be said that B.P.J.'s participation in girls' sports will not harm anyone—it clearly has. *See Clark ex rel Clark v. Ariz. Interscholastic Ass'n*, 886 F.2d 1191, 1193 (9th Cir. 1989) ("If males are permitted to displace females on the school volleyball team even to the extent of one player . . . the goal of equal participation by females in interscholastic athletics is set back, not advanced.").

As a result, the injunction should be vacated because "a significant change . . . in factual conditions . . . renders continued enforcement, detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (cleaned up). B.P.J.'s continued participation in girls' sports will surely result in further lost opportunities for biological girls, as evidenced by his displacement of numerous girls already.[2] Accordingly, I would grant West Virginia's motion to suspend the injunction.

---

[2] Although B.P.J. asserts that success on the track-and-field team will not necessarily translate to similar success on the cross-country team, that argument is unconvincing. The fact of the matter is B.P.J.'s athletic abilities are rapidly increasing. B.P.J. used to finish at the bottom of track-and-field participants and now he's at the top. There is no reason to believe the same would not be true if B.P.J. were to participate on the girls' cross-country team. And we should not risk the displacement of many more biological girls on the off chance B.P.J.'s increased talents are limited to track-and-field events.