

State of West Virginia
Office of the Attorney General
1900 Kanawha Blvd E
Building 1, Room 26-E
Charleston, WV 25305-0220

Patrick Morrisey  (304) 558-2021
Attorney General  Fax (304) 558-0140

August 11, 2023

Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Submitted Electronically via CM/ECF

    Re:    No. 23-1078: *B.P.J. v. West Virginia State Board of Education, et al.*

Dear Ms. Connor:

    Plaintiff-Appellant has filed another notice of supplemental authority. ECF No. 170. The decision it addresses, *A.C. by M.C. v. Metropolitan School District of Martinsville*, No. 22-1786, 2023 WL 4881915, at *1 (7th Cir. Aug. 1, 2023), should not affect this Court's decision.

    *A.C.* offers little that is new, as it merely applies an earlier Seventh Circuit decision that B.P.J. already cited. See ECF No. 138, at 33, 48 (B.P.J.'s reply citing *Whitaker by Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1041 (7th Cir. 2017)); *see also* ECF No. 170-2, at 12 ("*Whitaker* answers almost all the questions raised by these consolidated appeals.").

    In any event, *A.C.* does not help here because it considers the distinguishable context of sex-separated bathrooms. Appellees have already explained why "bathroom cases" do not control when evaluating how sports teams are comprised. ECF No. 89, at 66-68. Cases like *Whitaker* and *Grimm v. Gloucester County School Board,* 972 F.3d 586 (4th Cir. 2020), found that the government's interest in preserving privacy was insufficient to justify the sex-distinctions at issue there. *A.C.*,

Patricia S. Connor
August 11, 2023
Page 2

for instance, concluded that privacy was not truly served by maintaining biological distinctions given how students use stalls and the like in the bathroom and locker rooms. *See* ECF No. 170-2, at 12, 20. In contrast, the law at issue in this case serves the separate interests of fairness and safety. And the district court here held that those interests *were* served by biological-sex-based distinctions. *See* ECF No. 53-8, at 559-61. Quite simply, biological differences have a distinct effect on sports.

No wonder, then, that *A.C.* expressly refuses to address "how Title IX or the Equal Protection Clause regulates … sex-segregated … sports teams." ECF No. 170-2, at 22. Likewise, *A.C.* does not address a line premised on "subjective 'self-identification.'" *Id.* at 23. But those questions are the ones presented here.

Ultimately, Judge Easterbrook's concurrence offers the only insight of assistance here: "Federal law does not compel states" to divorce "sex" from biology, ECF NO. 170-2, at 27, especially as to sports.

Sincerely,

PATRICK MORRISEY
  ATTORNEY GENERAL

/s/ Lindsay S. See
Lindsay S. See
  *Solicitor General*
  *Counsel of Record*

Michael R. Williams
  *Principal Deputy Solicitor General*

OFFICE OF THE
ATTORNEY GENERAL
OF WEST VIRGINIA
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25301
(304) 558-2021

*Counsel for Intervenor-Appellee*
*State of West Virginia*