

Julie Veroff
T: +1 415 693 2179
jveroff@cooley.com


August 23, 2023

Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23129

**Re:    *B.P.J. v. West Virginia et al.*, No. 23-1078**

Dear Clerk Connor:

Pursuant to FRAP 28(j), Plaintiff-Appellant B.P.J. respectfully submits the enclosed opinion from the Ninth Circuit in *Hecox v. Little*, No. 20-35813, dated August 17, 2023 (Ex. A). The Ninth Circuit affirmed a district court order preliminarily enjoining an Idaho law that—like H.B. 3293—categorically bans transgender girls from playing on girls' school sports teams. The Ninth Circuit held that Idaho's ban likely violates the Equal Protection Clause.

1. *Hecox* supports B.P.J.'s argument that the District Court erred by failing to analyze H.B. 3293 as discrimination based on transgender status. (Dkt. 52 (Pls. Br.) at 20-21, 23-29.) The Ninth Circuit held that Idaho's ban discriminates based on transgender status, explaining that Idaho's "definition of 'biological sex' was designed precisely as a pretext to exclude transgender women from women's athletics." (Ex. A at 33.)

2. *Hecox* also supports B.P.J.'s argument that the District Court erred by failing to analyze whether H.B. 3293's exclusion of transgender girls—as opposed to the separation of boys and girls generally—satisfies heightened scrutiny. (Pls. Br. at 20-21, 31-33.) The Ninth Circuit explained that "categorically banning all transgender women and girls from female athletic teams" likely was not substantially related to an important governmental objective because a categorical ban is (a) "too overbroad" to substantially further any interests in "women's equality" and "fairness" (Ex. A at 38, 43), and (b) not supported by the scientific evidence (*id.* at 43-44 (finding the district court properly credited testimony from Dr. Safer and discredited testimony from Dr. Brown)).

3. *Hecox* confirms B.P.J.'s argument that *Clark* does not support Defendants. (Pls. Br. at 38-41.) The Ninth Circuit explained that *Clark I*, 695 F.2d 1126 (9th Cir. 1982) and *Clark II*, 886 F.2d 1191 (9th Cir. 1989), are "inapposite" because, unlike cisgender boys, transgender girls who receive hormone therapy do not have "significant physiological athletic advantages" over cisgender girls; transgender girls have historically faced discrimination; a categorical ban leaves transgender girls no opportunity to participate in school sports; and transgender girls have not displaced cisgender girls from girls' sports and are unlikely to do so. (Ex. A at 38-43.)

Cooley LLP   3 Embarcadero Center   20th Floor   San Francisco, CA   94111-4004
t: +1 415 693 2000   f: +1 415 693 2222   cooley.com



Patricia S. Connor
August 23, 2023
Page Two

Sincerely,

*/s/ Julie Veroff*

Julie Veroff

Cooley LLP   3 Embarcadero Center   20th Floor   San Francisco, CA   94111-4004
t: +1 415 693 2000  f: +1 415 693 2222  cooley.com