

State of West Virginia
Office of the Attorney General
1900 Kanawha Blvd E
Building 1, Room 26-E
Charleston, WV 25305-0220

Patrick Morrisey  (304) 558-2021
Attorney General  Fax (304) 558-0140

August 24, 2023

Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Submitted Electronically via CM/ECF

**Re:** No. 23-1078: *B.P.J. v. West Virginia State Board of Education, et al.*

Dear Ms. Connor:

Defendants-Appellees provide notice of the attached decision, *Eknes-Tucker v. Governor of Alabama*, No. 22-11707, 2023 WL 5344981 (11th Cir. Aug. 21, 2023). In *Eknes-Tucker*, the Eleventh Circuit ruled that Alabama's law banning hormone therapy for certain uses was likely constitutional under the Due Process Clause and the Equal Protection Clause. The decision shows why the West Virginia law at issue here passes muster, too.

*First*, Alabama's law was generally applicable, regulating "specific medical interventions for [all] minors." Op.41. Likewise, West Virginia's law "does not establish an unequal regime for males and females." Op.42. Nor does it "close a door or deny opportunities to women or to men." Op.42 (cleaned up).

*Second*, *Eknes-Tucker* explained how *Bostock v. Clayton Cnty*, 140 S. Ct. 1731 (2020), "concerned a different law (with materially different language) and a different factual context, [so] it bears minimal relevance to the instant case." Op.44.

Patricia S. Connor
August 24, 2023
Page 2

This logic also extends to Title IX; it "is a vastly different statute" from Title VII, too. *Jackson v. Birmingham Bd. Of Educ.*, 544 U.S. 167, 168 (2005). Similarly, *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586 (4th Cir. 2020), involved a "particular factual scenario" that raised concerns about "certain expectations and stereotypes." Op.45. But like Alabama's law, West Virginia's law "simply reflects biological differences between males and females, not stereotypes associated with either sex." Op.45.

*Third, Eknes-Tucker* shows West Virginia's law passes intermediate scrutiny. Yes, *Eknes-Tucker* applied rational-basis review, but Alabama supported its law with scientific evidence. Op.36. Concurring, Judge Brasher said that record satisfied intermediate scrutiny. Op.57. West Virginia did the same here, producing thousands of pages of record evidence showing that biological sex is an accurate proxy for athletic performance. So West Virginia's law fits neatly in a line of cases blessing sex-based classifications to designate sports teams.

*Fourth*, *Eknes-Tucker* concluded that "these types of issues are quintessentially the sort that our system of government reserves to legislative, not judicial, action." Op.48. That's true here—and the Court should respect the legislature's decision.

Sincerely,

PATRICK MORRISEY
  ATTORNEY GENERAL

/s/ Lindsay S. See
Lindsay S. See
  *Solicitor General*
  *Counsel of Record*

Michael R. Williams
  *Principal Deputy Solicitor General*

OFFICE OF THE
ATTORNEY GENERAL
OF WEST VIRGINIA

Patricia S. Connor
August 24, 2023
Page 3

    State Capitol Complex
    Building 1, Room E-26
    Charleston, WV 25301
    (304) 558-2021

    *Counsel for Intervenor-Appellee*
    *State of West Virginia*